LAKEHEAD PIPE LINE COMPANY, INC., *v.*
CALHOUN PROBATE JUDGE

(LAKEHEAD PIPE LINE COMPANY, INC. *v.* SCHODER)

COSTS — ATTORNEY FEES — WITNESS FEES — EXPENSES — EMINENT DOMAIN.
> Attorney fees, witness fees, costs, and disbursements may be awarded to the landowner in a condemnation proceeding brought under the right of eminent domain by a pipeline company under the oil pipe line act (MCLA § 483.1 *et seq.*).

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 December 15, 1970, at Lansing. (Docket No. 9337.)    Decided January 22, 1971.

Complaint for superintending control by Lakehead Pipe Line Company, Inc., against Wendell L. Schoder, Probate Judge of Calhoun County, to review an award of attorney fees, witness fees, and expenses to defendants Frank T. Zinn and Beryl S. Zinn in a condemnation of a crude-oil pipeline right of way.   Complaint dismissed.   Plaintiff appeals. Affirmed.

*Butzel, Eaman, Long, Gust & Kennedy* (by *Leslie W. Fleming*), for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Frank K. Zinn*), for defendants.

REFERENCE FOR POINTS IN HEADNOTE
27 Am Jur 2d, Eminent Domain §§ 467, 473–477.

Before: Bronson, P. J., and R. B. Burns and Hoff,* JJ.

R. B. Burns, J.   Pursuant to the right of eminent domain granted by the oil pipe line act (MCLA § 483.1 *et seq* [Stat Ann 1970 Rev § 22.1341 *et seq*]) appellant commenced a condemnation proceeding in probate court.   The proceeding, to obtain a right-of-way for the purpose of operating and maintaining a crude oil pipe line, was contested by appellees, both as to the necessity of the right-of-way and as to the amount of compensation.   The question of necessity was resolved in appellant's favor.

The probate court entered an order granting attorney's fees, witness' fees, and expenses to the appellees.   Appellant sought superintending control in the circuit court, claiming that the probate judge acted without jurisdiction, power, or authority in granting the fees and costs to appellees.

Lakehead appeals the circuit court's decision upholding the probate award and assigns the following question for consideration:

Does the Oil Pipe Line Act authorize the court to grant and allow reasonable attorney fees, witness fees and costs to landowners in condemnation proceedings brought under the right of eminent domain granted by said act?

The oil pipeline statute does not in and of itself contain instructions concerning the award of such fees and costs.   However, the pipeline act contains a provision which incorporates the railroad act. Section 2 of the act states in part:

"such condemnation proceedings shall be conducted in accordance *with the same procedure and in the same manner* as is provided by the laws of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

this state for the condemnation of right-of-ways by railroad companies." (Emphasis supplied.)

The railroad act contains a provision which expressly authorizes an award of "a reasonable attorney fee * * * together with witness fees and other costs and disbursements". MCLA § 464.15 (Stat Ann 1970 Rev § 22.218).

We hold the provision of the oil pipeline act which incorporates the procedures of the railroad act authorizes the award of reasonable attorney fees, witness fees, costs, and disbursements in condemnation proceedings under the oil pipeline act.

Affirmed. Costs to appellees.

All concurred.